NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIAN FENG GUO,<br><br>                Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | No.   13-72858<br><br>Agency No. A088-324-983<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Jian Feng Guo, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010), and review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Guo's inadequate explanations for his acquisition of a passport in 2006; his repeated mis-statements and significant differences in his testimony as to basic facts, including his daughter's date of birth and various employment dates; and an inconsistency as to whether he was arrested in the morning or the evening. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Guo's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Guo's asylum and withholding of removal claims fail. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

We reject Guo's contentions that the IJ violated his due process rights by considering the asylum officer's interview notes. *See Lata,* 204 F.3d at 1246 (requiring error and prejudice to prevail on a due process claim).

Finally, we lack jurisdiction to consider Guo's contentions concerning his

CAT claim because he failed to exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**